### ELSON et v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1136. Decided Dec 23, 1932

Strother B. Jackson, Dayton, for plaintiffs in error.

Calvin Crawford, Prosecuting Attorney, Dayton, Francis Canny, Dayton, and Ralph Skilkin for defendant in error.

KUNKLE, J.

We have read the record in this case with care and from such reading of the record cannot escape the conclusion but that there is ample testimony in the record which, if believed, by the jury warranted the conviction of the plaintiffs in error.

The indictment charges the burning of a dwelling house. Counsel for plaintiffs in error insist that the State has failed to prove beyond a reasonable doubt that the said house was a dwelling house at the time the same was burnt; that such allegation is material and a failure to prove the same merits a reversal of the judgment. This question is strongly urged in the brief of counsel for plaintiffs in error.

At the commencement of the trial, namely, on page 2 of the record the following appears:

"MR. CANNY: We would like at this time to read into the record certain matters of evidence. It is agreed that Josephine Elson was on the 12th day of January 1932 the owner of a dwelling house on Infirmary Road, Harrison Township, Montgomery County, Ohio. On or about that date, January 12, 1932 that dwelling house was burned; that on that date, January 12, 1932 defendant, Josephine Elson was insured by the Ohio Cooper Insurance Company on said dwelling house in the sum of $4000 and that certain contents of the house, being furniture was insured by the

said Company for $1000—Counsel agreed."

BY THE COURT: Members of the jury, I shall explain as a matter of law at this time that the stipulation, agreement, entered by and between counsel is evidence in the case and may be received by you as evidence as against defendant admitting these stipulations. You may therefore consider the agreement just made to you by Mr. Canny and agreed to by counsel for defendant as evidence in the case."

It thus appears from the record that at the commencement of the trial it was agreed by counsel that the house in question was a dwelling house and that the same was owned by the plaintiff in error, Josephine Elson.

Among other portions of the record the following is found on page 20:

"Q. Did Mrs. Elson ever tell you how much insurance she carried? A. I think around $3000 or $5000.

Q. Did she ever tell you how much on the furniture? A. $1000.

Q. What kind of a house was that you burned down? A. Little bungalow. Q. Dwelling house? A. Yes.

Q. I will ask you whether or not there was any other dwelling house close by? A. Yes, sir, there was a house on each side.

Q. Do you know whether anybody was living in the house you burned down?

A. She explained to us she had it rented for a long time and there was a little bit of trouble about renting it. Somebody wouldn't let her rent it or something. We knew no one was living in it. She explained that to us."

The charge of the trial court upon this subject as found on page 190 of the record presents this phase of the case in the most favorable light to which the plaintiffs in error, in our opinion, are entitled.

It is also claimed that the only evidence tending to show guilt on the part of the plaintiff in error, Josephine Elson is the testimony or confession of conspirators or co-conspirators and that the conviction, at least, as to Josephine Elson cannot be supported.

Counsel for plaintiff in error insist that one may not be convicted upon the uncorroborated testimony of an accomplice.

In the case of **Allen v State, 10 O.S.R.,** 288 the fifth paragraph of the syllabus is as follows:

"While it is the duty of the court, in their discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone, without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice."

This case was followed and approved in the case of **State of Ohio v Reighert, 111 Oh St, page 698.**

The rule upon this subject is that the court should advise the jury to consider the uncorroborated testimony of an accomplice with the greatest care and caution.

If the testimony of the accomplice, however is corroborated by other evidence material to the issue then the trial judge in the exercise of sound discretion may refuse to instruct the jury not to convict upon the uncorroborated testimony of an accomplice. **111 Oh St, 698.**

The trial court as found on page 194 of the record announced to the jury the rule governing such testimony in the most favorable light to which the plaintiffs in error were entitled. The court among other things said to the jury:

"The jury are instructed that while there is no rule of law in this State preventing a jury from convicting upon the uncorroborated testimony of an accomplice, still a jury should always act upon such testimony with the greatest care and caution subjecting it to the most careful examination in the light of all the other evidence in this case and the jury ought not to convict on such testimony alone unless a full and careful examination thereof has satisfied them beyond the existence of a reasonable doubt of its truth and they can safely rely upon it."

The record does show corroborating testimony from different witnesses.

The weight to be given such corroborating testimony was a question for the determination of the jury. Some of the material portions of the testimony of the accomplices is corroborated by the witness, Freeman, as found on pages 71, etc., of the record. The testimony of LeRoy Water called by the plaintiffs in error corroborates portions of the testimony of Hatfield. There is also other testimony in the record which, in part, corroborates the testimony of these boys.

From a consideration of the entire record we find nothing therein which, in our opinion, would justify a reviewing court in reversing the judgment of the lower court upon any of the grounds of error urged by counsel for plaintiffs in error in the brief.

The judgment of the lower court will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.